IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERMAN SCOTT CONRAD, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:10-cv-00880 |
| PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. | § § § | COMPLAINT – CLASS ACTION |
| Defendant. | § § | |

## ORIGINAL CLASS ACTION COMPLAINT

*Jury Trial Requested*

Plaintiff Herman Scott Conrad (hereinafter "Plaintiff Conrad") files this Original Class Action Complaint.  Plaintiff Conrad institutes this class action in accordance with and to remedy violations by Defendant Professional Bureau of Collections of Maryland, Inc. (hereinafter "Defendant PBC") of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA"), the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* Plaintiff brings this action both individually and on behalf of all other persons similarly situated (hereinafter "Class Members") to recover damages and to enjoin Defendant's unlawful conduct as it affects all others residing within Texas and the United States.

## PARTIES

1.      Named Plaintiff, Scott Conrad, is a natural person who resides in Rockwall County, Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

2.      Defendant Professional Bureau of Collections of Maryland, Inc. is a Maryland corporation that is not registered with the Texas Secretary of State.   Its principal place of business is at 5295 DTC Parkway, Greenwood Village, CO 80111.   It may be served by serving its registered agent for process, CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.

3.      Defendant regularly uses the mail and telephone in business, the principal purpose of which is the collection of consumer debts.

4.      Defendant regularly collects or attempts to collect consumer debts for other parties.   It is a "debt collector" as defined by the FDCPA and TDCA.

5.      All conditions precedent to this lawsuit have occurred.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1692 and 28 U.S.C.A. § 1331.   Pursuant to 28 U.S.C. § 1367, Plaintiff and Class Members invoke the supplemental jurisdiction of this Court to hear and decide claims against Defendant arising under state law.

7.      Venue in this District is appropriate under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.   The Plaintiff resides here, and Defendant placed telephone calls into this District seeking to collect consumer debt.

8.      Upon information and belief, the amount involved in this matter exceeds $75,000.

## FACTS RELATING TO PLAINTIFF CONRAD

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10.     Plaintiff has a cellular telephone account with two cell phones registered to the account; one is for his use, and the other is for his spouse's use.

11.     Defendant used an automated telephone dialing system to place numerous and repeated calls to the Plaintiff's cell phones attempting to collect a consumer debt.

12.     If the Plaintiff did not answer his cell phones, Defendant would leave a message for the Plaintiff.

13.     On July 29, 2009, Defendant contacted one of the Plaintiff's cell phones and left a message stating:

> Hey, Mr. Herman Conrad, Mr. _____ (inaudible) seeing how it's going, sir.  Hey, give me a call here at my office at 1-800-866-2528.

14.     On a separate occasion, Defendant contacted Plaintiff's other cell phone and left a message stating:

> Hey, Herman Conrad, it's Mr. _____ (inaudible) how's it going?
> Hey, uh, give me a call here at the office at 1-800-866-2528 and ____ (inaudible) extension 2201.  Okay?  Give me a call.

15.     Based upon information and belief, Defendant left similar messages on Plaintiff's cellular telephones on other occasions (collectively "the cell phone messages").

16.     Defendant also contacted Plaintiff at his home and similar voicemails.  On one occasion, Defendant left a message stating:

> This is for Herman Conrad.  Hey Herman, this is Justin.  Give me a call at my office at 916-685-6399.

17.     On a separate occasion, Defendant contacted Plaintiff at his home and left a message stating:

> Hey Herman, this is Justin.  Give me a call at 916-685-6399.

18.     Based upon information and belief, Defendant left similar messages on Plaintiff's home telephone on other occasions (collectively "the home phone messages").

19.     Telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).

20.     Defendant failed to inform Plaintiff in the cell phone and home phone messages that the communication was from a debt collector.

21.     Defendant failed to inform the Plaintiff in the cell phone and home phone messages that "this is an attempt to collect a debt."

22.     Defendant failed to identify itself in the cell phone and home phone messages.

23.     Defendant contacted Plaintiff on Plaintiff's cellular telephone service by using an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

24.     The telephone numbers Defendant called were assigned to a cellular telephone service.

25.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(1).

26.     These telephone calls by Defendant were in violation of 47 U.S.C. § 227 (b)(1).

27.     Defendant willfully or knowingly placed the telephone calls to Plaintiff's cellular telephone service through use of an automatic telephone dialing system in violation of 47 U.S.C. § 227 (b)(3)(c).

## CLASS ALLEGATIONS

28.     This action is brought on behalf of two classes.

29.     The FDCPA and TDCA class is defined as:

> All consumers to whom Defendant left a telephone message in an attempt to collect a debt incurred for personal, family, or household purposes in which Defendant failed to state that the call was from a debt collector, and/or that it was an attempt to collect a debt during the one year period prior to the filing of this Original Complaint through the date of class certification.  Defendant, its employees and agents are excluded from this class.

30.     The TCPA class is defined as:

> All consumers who received any telephone calls from Defendant to such consumer's cellular telephone service made through the use of either an automatic telephone dialing system or an artificial or prerecorded voice, during the four year period prior to the filing of this Original Complaint through the date of class certification. Defendant, its employees and agents are excluded from this class.

31.     Plaintiff alleges, on information and belief, based on Defendant's use of an automatic telephone dialing system, that the classes are so numerous that joinder of all members is impractical.

32.     There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members. The principal issues are:

(a)  Whether Defendant is a debt collector;

(b)  Whether Defendant's telephone messages violate the FDCPA

(c)  Whether Defendant's telephone messages violate the TDCA; and

(d)  Whether Defendant's telephone calls to cellular numbers violate the TCPA.

33.     The above unlawful practices are Defendant's routine procedure for attempting to collect debts.

34.     The unlawful actions of Defendant directly, foreseeably, and proximately caused Plaintiff Conrad and Class Members injury for which they are entitled reasonable compensation.

35.     The claims of the Named Plaintiff are typical of all members of the Class, and the Named Plaintiff has no interest of which he is aware that is adverse or antagonistic to the interest of either of the Classes. All claims based on the same facts and legal theories.

36.     Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in complex litigation of this nature.

37.     The class actions against Defendant are proper for certification under F.R.C.P. 23(b)(2) and (b)(3). The claims of the putative classes, in this regard, grow out of the same actions and policies, and rest on the same grounds, applying more or less equally to all of the Class Members.

38.     Defendant has acted or has refused to act on grounds applicable to the classes as a whole, thereby making final injunctive relief appropriate. Therefore, certification pursuant to F.R.C.P. 23(b)(2) is warranted.

39.     A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Class Members do not have a particular interest in individually controlling the prosecution of separate actions. Named Plaintiff envisions no difficulty in the management of this case as a class action. Absent a class action, Defendant will likely continue to unlawfully collect services charges and profit directly therefrom.

## CONDITIONS PRECEDENT

40.     All notice requirements and conditions precedent to litigation have been satisfied. Alternatively, exhaustion of any administrative remedy is unnecessary and/or is futile and/or had been waived and/or has been fully completed, and the filing of his lawsuit will satisfy all notice requirements and conditions precedent imposed by law.

## COUNT ONE

### *Violations of the Fair Debt Collection Practices Act and Texas Debt Collection Act*

41.     Plaintiffs incorporate and re-allege Paragraphs 1 – 40 as if set forth in full herein.

42.     Defendant failed to disclose in the telephone messages that it is a debt collector and/or that "this is an attempt to collect a debt" in violation of 15 U.S.C. § 1692e(11) and Tex. Fin. Code 392.304(5).

43.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone message in violation of 15 U.S.C. § 1692d(6) and Tex. Fin. Code 392.304(1).

44.     Defendants' described acts in violation of the FDCPA and TDCA have directly and proximately caused Named Plaintiff and Class Members' injuries for which they are entitled to actual damages, statutory damages, and reasonable attorney's fees and costs, and other legal and equitable relief pleaded herein.

## COUNT TWO

### *Violations of the Telephone Consumer Protection Act*

45.     Plaintiffs incorporate and re-allege Paragraphs 1 – 44 as if set forth in full herein.

46.     The acts of Defendant constitute a violation of 47 U.S.C. § 227 (b)(1)(A)(iii), which prohibits any person within the United States from making a call – other than a call made for emergency purposes or made with the prior express consent of the called party – using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service. Defendant repeatedly and continuously used an automatic telephone dialing system to call the Plaintiff. Defendant's calls to the Plaintiff's cellular telephones were not for an emergency purpose.

47.     Defendant's described acts in violation of the TCPA have directly and proximately caused Named Plaintiff and Class Members' injuries for which they are entitled to actual damages, statutory damages, and reasonable attorneys' fees and costs, and other legal and equitable relief pleaded herein. Further, because the Defendant's actions were committed knowingly and/or intentionally, Named Plaintiff and Class Members are entitled to extra damages under the TCPA.

## COUNT THREE

### *Declaratory Relief*

48.　Plaintiffs incorporate and re-allege Paragraphs 1 – 47 as if set forth in full herein

49.　Plaintiff and the class members are entitled to and seek declaratory and injunctive relief prohibiting such conduct in the future.

## PRAYER

50.　WHEREFORE, Named Plaintiff prays that this Court grant the following relief:

    a.　Enter an order certifying these class actions pursuant to F.R.C.P. 23(b)(2) and (b)(3);

    b.　Enter a declaratory judgment finding that Defendant's telephone messages violate the FDCPA and TDCA;

    c.　Enter an injunction preventing Defendant from continuing to violate state and Federal law;

    d.　Award Named Plaintiff and Class Members actual damages;

    e.　Award Named Plaintiff and Class Members punitive damages;

    f.　Award Named Plaintiff and Class Members statutory damages;

    g.　Award Named Plaintiff and Class Members reasonable attorneys' fees, expenses, and costs; and

    h.　Grant such further relief as may be deemed necessary and proper.

**SIGNED** this 30th day of April 2010.

Respectfully submitted

By:     /s/John Howie, Jr._____

HOWIE LAW, PC
John R. Howie, Jr. (Attorney in Charge)
State Bar No. 24027239
4040 N. Central Expwy.
Suite 850
Dallas, Texas  75204
214.622.6340
214.622.6341 – Facsimile
jhowie@howielaw.net

LAW OFFICES of BEN C. MARTIN, L.L.P.
Ben C. Martin (of Counsel)
State Bar No. 13052400
Thomas Wm. Arbon (of Counsel)
State Bar No. 01284275
3219McKinney Avenue
Suite 100
Dallas, TX  75204
214-761-6614
214.744.7590 – Facsimile
bmartin@bencmartin.com

LAW OFFICES of WALT D. ROPER P.C.
Walt D. Roper (of Counsel)
State Bar No. 00786208
3100 Monticello Avenue
Suite 500
Dallas, TX  75205
972.755.2525
214.378.6670 – Facsimile
walt@roperfirm.com