**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HERMAN SCOTT CONRAD, individually** § | | |
| **and on behalf of all others similarly situated,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **CASE NO. 3:10-cv-880** | |
| § | | |
| **PROFESSIONAL BUREAU OF** § | | |
| **COLLECTIONS OF MARYLAND, INC.** § | | |
| § | | |
| **Defendant.** § | | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Professional Bureau of Collections of Maryland, Inc. (hereinafter "Bureau"), Defendant in the above-entitled cause, and in answer to Plaintiff's Class Action Complaint (hereinafter "Complaint") would respectfully show unto the Court as follows:

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint, and therefore deny them.

2. Defendant admits to the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits to the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits to the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegation in paragraph 5.

## JURISDICTION AND VENUE

6. Defendant admits that this Court has jurisdiction. Defendant denies that a class action is appropriate or that a valid class exists.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint, and therefore deny them.

8. Defendant denies the allegation made in paragraph 8 of Plaintiff's complaint.

## FACTS RELATING TO PLAINTIFF CONRAD

9. Defendant admits to the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint, and therefore deny them.

11. Defendant denies the allegations made in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations made in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations made in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations made in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations made in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations made in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations made in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations made in paragraph 18 of Plaintiff's Complaint.

19. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 19, as they assert a legal conclusion.

20. Defendant denies the allegations made in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations made in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations made in paragraph 22 of Plaintiff's Complaint.

23. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 23, as they assert a legal conclusion.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Complaint, and therefore deny them.

25. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 25, as they assert a legal conclusion.

26. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 26, as they assert a legal conclusion.

27. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 27, as they assert a legal conclusion.

## CLASS ALLEGATIONS

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 28 of Plaintiff's Complaint, and therefore denies it.

29. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 29, as they assert a legal conclusion.

30. Defendant is not required to, and therefore does not, admit or deny to the allegations in paragraph 30, as they assert a legal conclusion.

31. Defendant denies the allegations made in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in paragraph 32 of plaintiff's Amended Complaint. Defendant further denies the allegations contained in paragraph 32(a)-(d) of plaintiff's Amended Complaint.

33. Defendant denies the allegation made in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations made in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations made in paragraph 35 of Plaintiff's Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Complaint, and therefore deny them.

37. Defendant denies the allegations made in paragraph 37 of Plaintiff's complaint.

38. Defendant denies the allegations made in paragraph 38 of Plaintiff's complaint.

39. Defendant denies the allegations made in paragraph 39 of Plaintiff's complaint.

## CONDITIONS PRECEDENT

40. Defendant denies the allegations made in paragraph 40 of Plaintiff's complaint.

## COUNT ONE

41. Defendant denies the allegations made in paragraph 41 of Plaintiff's complaint.

42. Defendant denies the allegations made in paragraph 42 of Plaintiff's complaint.

43. Defendant denies the allegations made in paragraph 43 of Plaintiff's complaint.

44. Defendant denies the allegations made in paragraph 44 of Plaintiff's complaint.

## COUNT TWO

45. Defendant denies the allegations made in paragraph 45 of Plaintiff's complaint.

46. Defendant denies the allegations made in paragraph 46 of Plaintiff's complaint.

47. Defendant denies the allegations made in paragraph 47 of Plaintiff's complaint.

## COUNT THREE

48. Defendant denies the allegations made in paragraph 48 of Plaintiff's complaint.

49. Defendant denies the allegations made in paragraph 49 of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

50. Defendant denies each and every, all and singular, of the allegations in Plaintiff's Class Action Complaint, says that all of the allegations therein are not true, either in whole or in part, and demands strict proof thereof.

51. At all times, Defendants acted in good faith and without malice or intent to injure plaintiff.

52. If Defendants violated any applicable statutory provision, which is expressly denied, such violation resulted from good faith reliance upon incorrect information (existence of such incorrect information being expressly denied) offered by another person.

53. Defendant asserts that if Plaintiff has suffered any damages, which defendant denies, plaintiff has failed to mitigate such damages.

54. Defendant further states as follows:

    a. Defendant denies that Plaintiff is entitled to actual damages against Defendant;

    b. Defendant denies that Plaintiff is entitled to statutory damages against Defendant;

    c. Defendant denies that Plaintiff is entitled to punitive damages against Defendant; and

    d. Defendant denies that Plaintiff is entitled to costs, expenses, or attorney's fees against Defendant.

WHEREFORE, Defendant Professional Bureau of Collections of Maryland, Inc. prays that Plaintiff take nothing by reason of this suit and for all such other and further relief to which this Defendant may be entitled.

Respectfully submitted,

**BUSH & RAMIREZ, L.L.C.**

*//s// Keith Wier*
W. Keith Wier
State Bar No. 21436100
Fed. ID No. 7930
24 Greenway Plaza, Suite 1700
Houston, Texas 77046
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEY FOR DEFENDANT**
**PROFESSIONAL BUREAU OF COLLECTIONS**
**OF MARYLAND, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 23rd day of July, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John R. Howie, Jr.
HOWIE LAW, P.C.
4040 N. Central Expressway, Suite 850
Dallas, TX 75204
jhowie@howielaw.net

Ben C. Martin
LAW OFFICES OF BEN C. MARTIN, LLP
bmartin@bencmartin.com
Thomas Wm. Arbon
tarbon@bencmartin.com
3219 McKinney Ave., Suite 100
Dallas, TX 75204

Walt Roper
LAW OFFICES OF WALT D. ROPER, P.C.
3100 Monticello Ave., Suite 500
Dallas, TX 75205
walt@roperfirm.com

                *//s// Keith Wier*
                Keith Wier